**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

NATHANIEL DRESCHER, 1:25-CR-211 (AMN)

Defendant.

**APPEARANCES:** **OF COUNSEL:**

**UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK**
445 Broadway
Albany, New York 12207
*Counsel for the Government*

**ALLEN J. VICKEY, ESQ.**
**PAUL DEROHANNESIAN, ESQ.**
Assistant United States Attorneys

**LAW OFFICES OF JOHN S. WALLENSTEIN**
1100 Franklin Avenue – Suite 100
Garden City, New York 11530
*Counsel for Defendant*

**JOHN S. WALLENSTEIN, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Defendant Nathaniel Drescher is charged by a superseding indictment with one count of attempted coercion and enticement of a minor, *see* 18 U.S.C. § 2422(b), one count of committing a felony offense involving a minor as a registered sex offender, *see* 18 U.S.C. § 2260A, one count of accessing material containing child pornography with intent to view, *see* 18 U.S.C. § 2252A(a)(5)(B), and one count of attempted transfer of obscene material to a minor, *see* 18 U.S.C. § 1470. *See* Dkt. No. 84.

Trial is set to commence on October 26, 2026. *See* Dkt. No. 111. Presently before the Court is the Government's motion *in limine* to admit evidence of Defendant's prior conviction for online solicitation of a minor and the acts underlying it, Dkt. No. 96, and Defendant's response in opposition, Dkt. No. 107. For the reasons set forth below, the Government's motion *in limine* is granted.

## II. STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citations omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

## III. DISCUSSION

As relevant here, the Government intends to show that from approximately May 26, 2023 to June 21, 2023, Defendant had a series of text and telephone conversations with undercover law enforcement officers whom he believed were an adult foster mother and her eleven-year-old child. *See* Dkt. No. 95 at 4-10. The Government alleges that Defendant intended to have sexual contact

with the purported eleven-year-old in violation of New York State law. *See id.* at 11-12 (citing N.Y. Penal Law § 130.35(1)(d), (2)(d), (3)(d)). Defendant is charged with, among other things, attempted coercion and enticement of a minor. *See* Dkt. No. 84; 18 U.S.C. § 2422(b) (making criminally liable anyone who "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . sexual activity for which any person can be charged with a criminal offense, or attempts to do so"). In support of these charges, the Government moves to introduce evidence of Defendant's prior conviction following a guilty plea to state charges in Texas for the online solicitation of a minor, as well as evidence of the acts underlying the conviction. *See* Tex. Penal Code § 33.021(c) (making criminally liable anyone who "by electronic mail or text message . . . knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor").[1] The Government seeks to admit:

(1) Testimony and video recordings of Defendant's statements to Texas police in 2011 following his arrest;
(2) Text messages between Defendant and the Texas victim discussing the sexual activity Defendant wished to engage in with her;
(3) The certified copy of Defendant's judgment of conviction in the Texas case following his guilty plea; and
(4) Portions of those plea minutes, including Defendant's acknowledgement of his requirement to register as a sex offender.

*See* Dkt. No. 96 at 17-18. The Government principally argues that this evidence is admissible under Federal Rule of Evidence 413.

Congress enacted Rule 413, along with Rule 414 and Rule 415, in 1994 as part of the Violent Crime Control and Law Enforcement Act. *See United States v. Larson*, 112 F.3d 600, 604

[1] Defendant also pled guilty to other charges in the same Texas case, but the Government solely seeks to introduce evidence as to the Section 33.021(c) conviction. *See* Dkt. No. 96 at 14 n.8.

(2d Cir. 1997) (citing Pub. L. No. 103-322, § 320935, 108 Stat. 1796, 2135-37). Rule 413 provides that:

> In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 413.[2] The Second Circuit has emphasized that when Congress enacted Rule 413, along with its "companion[s]" Rule 414 and 415, *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018), it "expected that convictions within [those rules'] ambit would normally be admitted," and that their probative value "would normally not be outweighed by the risk of prejudice." *United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010). Accordingly, the Second Circuit has instructed district courts to see that the Congressional expectation is "honored unless application of the rule would offend the Due Process Clause." *Id.*

When considering Rule 413 evidence, Due Process requires application of the "safeguards provided by Rule 403." *United States v. Schaffer*, 851 F.3d 166, 177 (2d Cir. 2017). Rule 403 requires this Court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Therefore, this Court must "conscientiously balance[] the proffered evidence's probative value with the risk for prejudice." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

The Court is not required to give life to Congress's intent in enacting Rules 413, 414, and 415 by placing a "thumb on the scale in favor of admissibility" in a Rule 403 analysis. *Spoor*, 904

---

[2] Defendant does not contest that both the conduct with which he is presently charged and the Texas conduct fall under Rule 413's definition of "sexual assault." *See* Fed. R. Evid. 413(d) (defining "sexual assault" to include "an attempt or conspiracy to engage in" nonconsensual contact "between any part of the defendant's body—or an object—and another person's genitals or anus" or "between the defendant's genitals or anus and any part of another person's body"); *United States v. Wager*, 651 F. Supp. 3d 594, 600 (N.D.N.Y. 2023) (rejecting an argument that a "§ 2422(b) charge does not qualify as 'sexual assault' . . . under Rule[] 413").

F.3d at 154 (quoting *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 155-56 (3d Cir. 2002)). Instead, the Court effectuates Congressional intent by recognizing how Rule 413 "alters the category of permissible inferences available to the jury." *Spoor*, 904 F.3d at 154 (citing *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009)). "Rule 413 represents an exception to the general 'ban against propensity evidence.'" *Schaffer*, 851 F.3d at 177 (quoting *United States v. Enjady*, 134 F.3d 1427, 1432 (10th Cir. 1998)). "'Unlike Federal Rule of Evidence 404(b), which [only] allows prior bad act evidence to be used for purposes other than to show a defendant's propensity to commit a particular crime,'" Rule 413 permits "a jury to consider evidence of a different sexual assault 'precisely to show that a defendant has a pattern or propensity for committing sexual assault.'" *Carroll v. Trump*, 124 F.4th 140, 154 (2d Cir. 2024) (quoting *Schaffer*, 851 F.3d at 177-78). Therefore, by transforming a propensity inference that is facially "impermissible[] and unfairly prejudicial" in other cases into one that is permitted—and potentially highly probative—Congress dramatically shifted the internal balance of a Rule 403 analysis. *Spoor*, 904 F.3d at 154. In sum, in this context, Congress took away one of a criminal defendant's most compelling arguments for unfair prejudice and made it a powerful tool for the Government to show probative value.

Because a propensity inference is permitted here, the Court concludes that the Texas conviction and its underlying acts are highly probative. In doing so, the Court considers the non-exclusive list of factors laid out by the Second Circuit:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Spoor*, 904 F.3d at 154-55 (internal quotations omitted).

On the first factor, the similarity of the present charges to the Texas offense is striking—Defendant is "accused, essentially, of attempting to coerce a purported 11-year-old girl in the way he coerced" the minor victim in the Texas case. Dkt. No. 96 at 20. In both the Texas case and here, Defendant contacted and communicated with an individual he believed to be an underage girl over text, *see id.* at 7, 8-9, sent her nude photos of himself, *see id.* at 3, 6, 7, 8-10, attempted to engage her in sexually explicit conversations describing his desire to have sex with her, *see id.* at 7, 9-11, sent her messages expressing his "love," *id.* at 8, 10, and ultimately arranged an in-person meeting at a predetermined location to have sex, *see id.* at 6, 11. The Court must, therefore, disagree with Defendant's argument that the prior Texas conduct "has no bearing on the issues before this jury in this trial." Dkt. No. 107 at 5. The prior Texas acts go directly to Defendant's instant "knowledge, intent, and plan," because they involved the same method of contacting a purported underage girl by message, drawing that individual into sexual communication, and attempting to leverage that communication into physical access for sex. *See United States v. Vickers*, 708 F. App'x 732, 737 (2d Cir. 2017); Dkt. No. 96 at 20 ("Evidence of [Defendant]'s prior attempted sexual assault . . . will help demonstrate his sexual interest in minor females and his propensity towards engaging in sexual conduct with them—particularly children he meets online and travels to sexually assault."). Further, Defendant's intent "is plainly at issue in this case," because the Government must demonstrate that Defendant "knowingly intended to coerce or entice the purported 11-year-old child to engage in sexual activity with him at the time of those communications." Dkt. No. 96 at 19. Under Rule 413, a jury can properly consider the Texas conviction and the acts underlying it as propensity evidence of Defendant's sexual interest in underage girls, his intentional targeting of child victims, and his goal of engaging in a physical sexual encounter. *See Schaffer*, 851 F.3d at 182-84 (affirming admission of Rule 413 evidence on

the reasoning that a defendant's "prior acts demonstrating his sexual interest in minor females are extremely relevant to the question of his intent"); *United States v. Hadden*, No. 23-6822-CR, 2024 WL 4456203, at *2 (2d Cir. Oct. 10, 2024) (summary order) (holding a "pattern of sexual predation was highly probative of [defendant's] intent" in Rule 413 analysis).

Defendant primarily contests the probative value of the Texas conviction and conduct by directing the Court's attention to the second factor, the lapse in time between the present and prior acts, and correctly pointing out that the Texas conduct occurred "in 2012, fourteen years ago and 2,000 miles away." Dkt. No. 107 at 3. However, "[n]either Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old." *Larson*, 112 F.3d at 605. And the Second Circuit has repeatedly permitted evidence of incidents far more temporally remote than the one here under Rule 413 and its kin. *See Davis*, 624 F.3d at 512 (affirming admission of a nineteen-year-old conviction); *Larson*, 112 F.3d at 605 (affirming admission of evidence of incidents that occurred sixteen to twenty years before trial); *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (affirming admission of events that "occurred more than 30 years before [defendant's] conduct with [the victim]"); *Carroll*, 124 F.4th at 159-62 (affirming admission of testimony regarding a forty-five-year-old, uncharged incident).

The purposes underlying the Court's attention to closeness in time do not dictate a contrary outcome. "Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability." *Larson*, 112 F.3d at 605. On this record, the Court concludes that the evidence of Defendant's prior acts is both relevant and reliable. As to relevance, Rule 413 reflects a Congressional judgment "that evidence of prior sexual assaults . . . is relevant and probative in prosecutions for sexual assault." *United States v. Copeland*, No. 24-2219, 2025 WL 3687268, at *1 (2d Cir. Dec. 19, 2025) (quoting *Schaffer*, 851 F.3d at 184). And, as the Court

discussed above, the "similarity of the events clearly demonstrate[s] the . . . relevance" of Defendant's prior acts. *See Larson*, 112 F.3d at 605 (2d Cir. 1997).

As to reliability, after his arrest in the Texas case, Defendant admitted that he:

> [W]as the person who was texting with [the victim]; had sent multiple photographs of his penis to [the victim], whom he knew was 14-years-old; was sexually aroused by younger girls like [the victim]; wanted to be with a virgin; knew that his relationship with [the victim] was illegal and it was wrong to drive over 1,000 miles from Arizona to Texas to have sex with a 14-year-old child; and did not want to use protection so he could get [the victim] pregnant.

Dkt. No. 96 at 12-13. Defendant subsequently pled guilty to criminal charges stemming from these prior acts, which required him to "confirm[] that everything alleged in the [Texas] indictment was true and correct." *Id.* at 14 (citation omitted). Defendant does not now contest the reliability of those confessions. *See generally* Dkt. No. 107. Accordingly, after assessing the factual record, the Court determines that the fourteen-year time gap between the Texas conviction and the upcoming trial only minimally diminishes the probative value of Defendant's prior acts.

The remaining factors do not cast doubt on the Court's assessment of the strong probative value of the Texas conduct. Of note with regard to the third and fourth factor, which look to the frequency of prior acts and the presence or lack of intervening circumstances, *see Spoor*, 904 F.3d at 154, Defendant was serving a criminal sentence for most of the time between his prior acts and the instant conduct. Defendant was arrested on September 8, 2011, pled guilty on June 12, 2012, and was from then on either imprisoned, on parole, or released on mandatory supervision until his sentence was discharged in March of 2023. *See* Dkt. No. 96 at 12, 14; Dkt. No. 95 at 4 (laying out Defendant's post-conviction history). Accordingly, only two months passed between the end of Defendant's sentence for his prior acts and the beginning of the conduct with which he is now charged in May of 2023. *See* Dkt. No. 96 at 3. And while there is no record evidence of similar acts by Defendant during the few periods in which he was not incarcerated between 2011 and

2023, he did admit at the time of his 2011 arrest that he was "talking to two separate 16-year-old girls around the same time as [the Texas victim]: one in Ohio and one in a state with the abbreviation, 'MT.' [Defendant] stated that one of the girls had recently sent him a picture of her vagina." Dkt. No. 96 at 13 (footnote omitted).[3] Finally, as to the fifth factor, given the strong probative value of the Texas prior acts, the Court concludes that the Government's other evidence does not render this evidence unnecessary. Moreover, the Court notes that the Government intends to call seven or fewer witnesses for a case-in-chief that it projects will last no longer than a few days, with these prior acts requiring the testimony of only a single Texas detective.

Turning to the other side of the ledger from probative value to prejudice, Defendant contends that the Texas evidence is "highly inflammatory," and would be "so extremely and unfairly prejudicial that it must be excluded." Dkt. No. 107 at 4. The Court agrees that the Texas conduct is both inflammatory and highly prejudicial. Where evidence of sexual misconduct is at issue, "[t]here can be no doubt that admission of a prior conviction . . . carries a high risk of prejudice for any defendant." *Davis*, 624 F.3d at 512. But "such evidence may be 'highly prejudicial' but not necessarily 'unfairly prejudicial.'" *Id.* (quoting *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006)); *see United States v. Chambers*, 642 F.3d 588, 596 (7th Cir. 2011) ("Sexual abuse of a child or the attempt thereof is a disgusting crime and any evidence of it is no doubt unfavorable to the defendant, but here it was not unfairly prejudicial."). The Court concludes that this is the case here. As inflammatory as it may be, the prior acts evidence is "prejudicial for

[3] Though the Government does not seek to introduce Defendant's statements about these two 16-year-old girls, *see* Dkt. No. 96 at 17 n.9, the Court may nevertheless consider that evidence in determining the admissibility of the prior act evidence the Government does seek to introduce. *See Davis v. Velez*, 797 F.3d 192, 205 (2d Cir. 2015) ("[I]n deciding preliminary questions as to the admissibility of evidence, the trial court may consider evidence, other than that subject to a privilege, that itself would not necessarily be admissible at trial.") (citing Fed. R. Evid. 104(a)).

the same reason it is probative"—because it tends to prove a propensity to sexually entice underage girls. *United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007) (internal quotation omitted). If anything, the similarity between the presently charged conduct and the prior conduct undercuts Defendant's argument, because the Texas conviction and the related conduct is "no more inflammatory than the conduct alleged in th[is] indictment." *Schaffer*, 851 F.3d at 183. Therefore, conscious of the "strong legislative directive and prior precedent that dictates such evidence is presumptively admissible," the Court finds that Rule 403 does not call for excluding evidence of Defendant's prior acts. *United States v. Porterfield*, No. 20-cr-42, 2022 WL 17091256, at *11 (W.D.N.Y. Nov. 21, 2022).[4]

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Government's motion *in limine* to admit evidence of Defendant's Texas conviction and the acts underlying it, Dkt. No. 96, is **GRANTED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge

[4] Because the Court accepts the Government's argument that Defendant's prior conduct is admissible under Rule 413, it does not reach the Government's alternative argument that it is admissible under Rule 404(b). *See* Dkt. No. 96 at 17, 21-22.